## NATIONAL BANK OF SOUTH CAROLINA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8628. Promulgated February 10, 1928.

*Adrian C. Humphreys, Esq.,* for the petitioner.
*John W. Fisher, Esq.,* for the respondent.

644

OPINION.

Love: The petitioner contends that the Commissioner erred in including in taxable income for the year 1919 an amount of $15,798.85, representing the difference in the " Reserve for Unearned Discount " as of December 31, 1918, and as of December 31, 1919.

The respondent, on the other hand, apparently concedes that his action with respect to which error is alleged was erroneous, but he contends that the amount of $10,473.77 collected and received by petitioner in 1919 for discount earned and accrued in 1918 should be included in petitioner's income for 1919, although reported in its 1918 return. And, in support of this position, the respondent urges that during the year 1918 petitioner was on a cash receipts and disbursements basis of accounting and that its action in accruing and reporting discounts, although not received, was erroneous, thereby necessitating, under the Board's decision in *Chatham & Phenix National Bank*, 1 B. T. A. 460, the return as income for 1919 the amount of $10,473.77 discount received in that year.

The respondent's contention in respect of the basis of accounting for 1918 is denied by the petitioner and it is urged on its behalf that

during 1918 petitioner was on an accrual basis and that the amount of $10,473.77 having been properly accrued and reported as income for that year, petitioner can not be required to report that amount in 1919, although received in that year, during which it was on a strict cash receipts and disbursements basis.

Although it is apparently conceded by the respondent that his action in including in income for 1919 the amount of $15,798.85, representing the difference in the "Reserve for Unearned Discount" as of December 31, 1918, and as of December 31, 1919, was erroneous, it seems advisable to point out that under either basis of accounting the amount included in petitioner's income for 1919 did not and could not constitute income. We stated in *Madison & Kedzie State Bank*, 1 B. T. A. 922, that:

When a bank keeps its books of account on a cash basis, discount is income only when it is received; upon an accrual basis discount becomes income as it is earned.

Clearly, then, unearned discount does not in the case of the petitioner constitute income and obviously it is impossible to make it such by subtracting a smaller from a greater amount thereof. Furthermore, as set forth in the findings of fact, petitioner during 1919 was on a cash basis maintaining a "Reserve for Unearned Discount" only for convenience and during that year discount, except the amount of $10,473.77, was treated as income as received. Consequently, the Commissioner's action in this respect is reversed and, accordingly, petitioner's taxable income as determined by the Commissioner should be reduced by the amount of $15,798.85.

We come, therefore, to a consideration of the respondent's contention that the amount of $10,473.77 should be included in income for the year 1919 although accrued and reported as income for 1918, the reporting of which, it is urged, was erroneous.

The facts disclose that with two exceptions, petitioner was during 1918 on a cash basis. One of the two exceptions, that of maintaining a reserve for interest on certificates of deposit, was clearly not an accrual method of handling that item. It was merely a convenience and closely approximated a cash basis. The other exception was, during the latter part of 1918, the accrual method of handling discount, which method petitioner discontinued at the beginning of 1919. The mere fact that petitioner for the latter part of 1918 undertook to change its method of accounting with respect to the item of discount, does not, in our opinion, warrant a conclusion that the method of accounting regularly employed was not a cash basis. We stated in *Bank of Hartsville*, 1 B. T. A. 920, that:

The law requires that the method of accounting used shall clearly reflect the income, and it does not contemplate that a taxpayer shall keep its books

of account partly on one basis and partly on another, for the very reason that income is not thereby correctly reflected. *Appeal of B. B. Todd, Inc.,* 1 B. T. A. 762.

We think, therefore, that the method of accounting employed by petitioner in 1918 was, clearly, a cash basis.

Having been on a cash basis in 1918, it follows that petitioner's action in reporting as income for 1918 any discount other than that received was erroneous. Consequently, the amount of $10,473.77 discount, reported in 1918 but received in 1919, during which year petitioner employed a cash basis of accounting, was income for 1919. *Chatham & Phenix National Bank, supra.* Accordingly, petitioner's income for that year should be increased by that amount.

The petitioner alleged error with respect to the years 1920 and 1921, but inasmuch as the Commissioner determined overassessments with respect to each year which overassessments did not result from the denial of any claim in abatement of a deficiency for the respective years, the Board is without jurisdiction in regard thereto. *Cornelius Cotton Mills,* 4 B. T. A. 255.

The deficiency for the year 1919 should be recomputed in accordance with the foregoing opinion.

*Judgment will be entered on 15 days' notice, under Rule 50.*